1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KESSLER TOPAZ**
   **MELTZER & CHECK, LLP**
Peter A. Muhic
   pmuhic@ktmc.com
Tyler S. Graden
   tgraden@ktmc.com
Natalie Lesser
   nlesser@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Timothy Barabe*

*(Additional Attorneys Listed on Signature Page)*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STOCKINGER, ELIZABETH STOCKINGER, GAILYN KENNEDY, BASUDEB DEY, ELIEZER CASPER, and YVETTE ALLEY on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.,<br>a California corporation,<br><br>          Defendant. | Case No. 2:18-mc-00087-VAP-KS<br><br>**NON-PARTY TIMOTHY BARABE'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA**<br><br>Date:   August 8, 2018<br>Time:  11:00 a.m.<br>Place:  Courtroom 580<br>Judge:  Hon. Karen L. Stevenson<br>            (Magistrate)<br>Complaint Filed: January 3, 2017<br>FAC Filed: March 24, 2017 |

Non-party Timothy Barabe submits this reply in support of his Motion to Quash Subpoena for Oral Testimony ("Motion" or "Mot.") served in *Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, 17-cv-00035 (C.D. Cal.) and respectfully requests that the Court grant his Motion to Quash.

## I.   INTRODUCTION

The *Stockinger* litigation involves defective Heating, Ventilation and Air Conditioning systems ("HVAC Systems") present in all model year 2007-2014 Lexus ES 350, and other Class Vehicles, sold before and after Mr. Barabe's wife, named Plaintiff Gaylin Kennedy, owned her 2007 Lexus ES.  As alleged in the Amended Complaint ("Am. Compl."), the defective HVAC System "fails to adequately remove water from the evaporator and surrounding enclosures" and in turn creates an environment that promotes mold and other microbial growth.  Am. Compl. ¶ 39. Toyota has long been aware of voluminous customer complaints about noxious and foul odors being emitted from the HVAC systems in the Class Vehicles.  *Id.* at ¶ 56. The *Stockinger* Plaintiffs allege that Toyota has known about this defect since at least 1997, but continued to represent that its vehicles were of standard quality in order to increase profits by selling additional Class Vehicles.  *Id.* at ¶¶ 8, 49-67.

The *Stockinger* Plaintiffs do not seek damages for personal injuries that may have resulted from mold exposure, nor do they seek to assign a dollar value based on the particular level of discomfort experienced by an owner; rather, they seek to make the Class whole by, *inter alia*, requiring Toyota to compensate the Class for the difference in value between a vehicle with a defective HVAC System and a vehicle without a defective HVAC System, and/or other compensable damages to the Class. Mr. Barabe is not a named plaintiff, nor is he even an absent Class Member.  He is simply someone who has driven a Class Vehicle and is married to a plaintiff.  Notably, Toyota already deposed Mr. Barabe's wife over the course of more than eight (8) hours.

1

Mr. Barabe's testimony will be redundant of his wife's; he has nothing novel to add that is relevant to either the claims of Plaintiffs or the defenses of Toyota.

Toyota's argument that Ms. Kennedy was unable to sufficiently testify is belied by the length of the deposition itself, which ran from 9:36 a.m. to 5:38 p.m. *See* Declaration of Tyler S. Graden at Ex. A (Deposition of Gailyn Kennedy at 7:3). To depose Ms. Kennedy over such a length of time and then subpoena her husband is harassing. If Toyota were truly interested in gathering relevant information about users' experiences with Class Vehicles, then it could have contacted the numerous putative Class Members who have complained to Toyota and its dealers over the years about the defective HVAC Systems in their vehicles. Toyota asserts that Mr. Barabe's testimony is necessary because he was the primary driver of the vehicle. Even if he was, Ms. Kennedy has already testified as to the condition of the car—***which she owned***. Indeed, her experiences with the vehicle include a cross-country road trip from Washington, D.C. to San Francisco in 2010. *See id.* at 80:8-14. Any hypothetical knowledge Mr. Barabe may have about maintenance or repairs of the vehicle would already be documented by materials produced in discovery.

Simply put, any information Toyota seeks by deposing non-party Mr. Barabe is either irrelevant or duplicative of other testimony and evidence. Mr. Barabe was not listed in Plaintiffs' initial disclosures as someone with relevant knowledge, and Plaintiffs do not intend to call him at trial. Deposing a non-party to gather irrelevant or duplicative information is unduly burdensome for the witness, wholly improper and harassing. Therefore, Mr. Barabe asks the Court to quash the subpoena.

## II.   **ARGUMENT**

### A.   **Toyota Seeks Irrelevant and/or Duplicative Information**

Toyota seeks testimony from Mr. Barabe that is either redundant or wholly irrelevant to this action, and therefore harassing. In doing so, Toyota feigns ignorance as to the heart of this case by fundamentally misconstruing Plaintiffs' claims in the

underlying litigation. Mr. Barabe's individual experience driving (but not even owning) a Class Vehicle is not "unique and relevant information." Indeed, Plaintiffs' claims do not hinge on individualized experiences—including the presence of or degree of odor or mold in their vehicles, or maintenance history of vehicles—but instead are focused on the presence of a defective HVAC System which "fails to adequately remove water from the evaporator and surrounding enclosures" and creates environments prone to noxious odors, mold and/or other contaminants. Plaintiffs seek to recover damages due to, *inter alia*, the difference in value of vehicles with defective HVAC Systems compared to the value of those vehicles with non-defective HVAC Systems. The claims do not rise or fall on the testimony of a non-party driver of a vehicle, but rather will largely be based on expert testimony and/or Toyota's knowledge, documents, information, and personnel.

Toyota seeks to gather information from Mr. Barabe about the purchase, operation, and maintenance of the vehicle. However, evidence about each of these items has already been proffered by his wife, named Plaintiff Gailyn Kennedy, and is otherwise available through records, including the purchase price of the vehicle, the maintenance records of the vehicle, and the title records. *See, e.g.*, *id.* at 45:5-6 (testifying that she drove the vehicle); *id.* at 46:7-9 (testifying that she was a passenger in the vehicle); *id.* at 80:8-14 (testifying about taking the car cross-country when she moved to California); *id.* at 211:4-212:24 (testifying about how the car was garaged). Further, Ms. Kennedy testified that her husband never contacted a dealership, Toyota, or an independent mechanic regarding the HVAC odor in their vehicle. *See id.* at 100:7-15; 113:7-16. Mr. Barabe can only duplicate his wife's testimony or refer Toyota to the documents which record the salient details of the purchase price, maintenance, and gifting of the vehicle.

Toyota also seeks to gather information about the gifting of the vehicle to Yvette Gayfield. But again, Ms. Kennedy also testified on this topic. *See, e.g.*, *id.* at 12:21-

13:16 (testifying that she relinquished title in the vehicle to Yvette Gayfield and it was intended for Ms. Gayfield's son following his improvement of his grades); *id.* at 16:11-15 (testifying that the car was a gift and she received no money from the transfer); *id.* at 19:20-20:3 (testifying that it was their practice to give away their vehicles to family members when purchasing a new car). Mr. Barabe cannot provide any new information regarding the operation or gifting of the vehicle.

Toyota is also apparently attempting to elicit testimony from Mr. Barabe concerning the deposition preparation of his wife and other involvement in the litigation; however, that information is protected. First, this testimony is shielded by the marital communications privilege, which protects communications between married persons. *See, e.g.*, *United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004) (reviewing the martial privileges). The testimony is also protected from disclosure by the attorney-client privilege, as Mr. Barabe and Ms. Kennedy share counsel for the purposes of this litigation and the information Toyota seeks to obtain relates to the underlying matter. *See Madrigal v. Allstate Indem. Co.*, No. CV 14-cv-4242, 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) (finding that under the "joint client" doctrine, communications among clients and their shared counsel does not waive attorney-client privilege).

Moreover, unlike the executive in *In re Tylenol (Acetaminophen) Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 13-md-2436, 2014 WL 3035791, at *4 (E.D. Pa. July 1, 2014), Mr. Barabe does not have detailed knowledge about the actual subject matter of the litigation, which is the presence of a defective HVAC System. His recollection of a well-documented purchase from over a decade ago or ten years' worth of standard maintenance such as oil changes are irrelevant, especially considering that Toyota inspected the vehicle itself on February 13, 2018. Indeed, Toyota conducted a full day inspection of the vehicle with multiple experts attending, including industrial hygienists. Unlike in *Klay v. Santa Cruz Cty. Sheriff's Office*, No. 14-cv-326, 2015

WL 3879729, at * 2 (N.D. Cal. June 22, 2015), which involved depositions of the plaintiff's current supervisors in an employment-related action, Mr. Barabe simply does not have unique information relevant to his wife's allegations. Information regarding the use, operation, maintenance and repair of the vehicle has already been provided by Ms. Kennedy's deposition and production of documents.  At best, Mr. Barabe would simply reiterate information and testimony already obtained by Toyota.

Lastly, despite the above, if the Court were to find that Toyota has met its burden to prove (rather than simply speculate) that Mr. Barabe has relevant information not already available by other means, the information can best be provided by the production of documents or deposition by limited written questions, rather than by forcing Mr. Barabe to appear for a deposition.

### B.   Mr. Barabe Demonstrated Undue Burden in Sitting for an Irrelevant and Duplicative Deposition

A non-party's deposition is presumptively burdensome. *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 412 (C.D. Cal. 2014).  A deposition which will only produce duplicative or irrelevant information is also an undue burden.  *See Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1273 (W.D. Wash. 2010) (citing *Compaq Computer Corp. v. Packard Bell Elecs.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995).  Despite Toyota's attempts to distinguish these cases, these are basic principles of the rules of discovery. Toyota has failed to overcome the presumption that deposing non-party Mr. Barabe is an undue burden.

III.   **CONCLUSION**

For the foregoing reasons, Mr. Barabe respectfully requests that the Court enter an order quashing the Subpoena.

DATED: July 25, 2018                              Respectfully submitted,

                                                  **KESSLER TOPAZ**
                                                  **  MELTZER & CHECK, LLP**

                                                  */s/ Tyler S. Graden*
                                                  Peter A. Muhic (*Pro Hac Vice*)
                                                    pmuhic@ktmc.com
                                                  Tyler S. Graden (*Pro Hac Vice*)
                                                    tgraden@ktmc.com
                                                  Natalie Lesser (*Pro Hac Vice*)
                                                    nlesser@ktmc.com
                                                  280 King of Prussia Road
                                                  Radnor, PA 19087
                                                  Tel.:   (610) 667-7706

                                                  KIESEL LAW LLP
                                                  Paul R. Kiesel, State Bar No. 119854
                                                    kiesel@kiesel.law
                                                  Helen E. Zukin, State Bar No. 117933
                                                    zukin@kiesel.law
                                                  Jeffrey A. Koncius, State Bar No. 189803
                                                    koncius@kiesel.law
                                                  Nicole Ramirez, State Bar No. 279017
                                                    ramirez@kiesel.law
                                                  8648 Wilshire Boulevard
                                                  Beverly Hills, CA 90211-2910
                                                  Tel:   310-854-4444

                                                  *Attorneys for Timothy Barabe*

6